

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/06/2013

| | | |
|---|---|---|
| IN RE: | § § | |
| 320AUTO.COM, LLC. | § § | CASE NO. 13-33713-H4-7 |
| DEBTOR | § § § | CHAPTER 7 |

# MEMORANDUM OPINION REGARDING THE APPLICATION BY RODNEY TOW, TRUSTEE, FOR TOW & KOENIG, PLLC TO ACT AS GENERAL COUNSEL FOR THE ESTATE
[Docket No. 42]

On July 30, 2013, Rodney Tow, the Chapter 7 trustee in the above-referenced case (the Trustee), filed an application to employ his own law firm to represent the Chapter 7 estate (the Application). The Application proposes that the Trustee's law partner, Julie Koenig (Koenig), serve as lead counsel at an hourly rate of $425.00. The Application also sets forth that the Trustee seeks to employ his law firm in general, and Koenig in particular, "to file applications to employ professionals, collect accounts receivable which may involve litigation, investigation of improper dealings by the former manager of the Debtor, applications to employ and pay auctioneers, motions to sell, prosecute Section 5 causes of action, if any, file motions to compromise controversy, handle other miscellaneous legal matters involving the Estate and investigate complex issues of secured transactions involving vehicles as well as title disputes, asset recovery and attendant litigation." [Docket No. 42, ¶ 9, pp. 3-4]. The Court has reviewed the Application and finds that it should be denied.

The Application fails to address certain issues required by this Court's opinion in *In re Jackson*, 484 B.R. 141 (Bankr. S.D. Tex. 2012). *Jackson* involved a Chapter 7 trustee's application to employ his own law firm. This Court, noting its acceptance of the opinion of the

Honorable Marvin Isgur in *In re Interamericas, Ltd.*, 321 B.R. 830 (Bankr. S.D. Tex. 2005), set forth in *Jackson* that any Chapter 7 trustee seeking to employ his own firm needed to address the nine factors articulated in *Interamericas*. One of these factors is the availability of other qualified firms to handle the matters for which the Trustee seeks counsel. Here, the Application is totally devoid of any discussion as to whether the Trustee has communicated with firms (other than his own firm) to determine if these firms could undertake the representation at a lower hourly rate than Koenig's rate of $425.00; and, if so, whether the attorneys at those other law firms could render the necessary legal services as competently as Koenig.

The undersigned judge is particularly concerned about the Application's failure to address this factor because the undersigned judge concurs with Judge Isgur's view, set forth in *In re CNC Payroll, Inc.*, 491 B.R. 454 (Bankr. S.D. Tex. 2013), that the business judgment rule does **not** apply when a Chapter 7 trustee seeks to employ his own law firm to represent the estate. Rather, as Judge Isgur noted:

> "Non-bankruptcy law does not apply the business judgment rule when the fiduciary is financially interested in the decision. *See Roth v. Mims*, 298 B.R. 272, 282 (N.D. Tex. 2003) (Texas does not apply the business judgment rule in cases where a challenged corporate decision is tainted by a conflict of interest). On the contrary, <u>non-bankruptcy law holds a self-dealing fiduciary to the highest standard. Indeed, the burden of proof is on the fiduciary to demonstrate the fundamental fairness of every self-dealing transaction</u>. *Int'l Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 577 (Tex. 1963) (corporate fiduciaries who receive personal profits from a transaction bear the burden of proving fairness)."

*Id.* at 461 (emphasis added).

In the case at bar, the Trustee, who is clearly a fiduciary to creditors of this Chapter 7 estate, seeks to employ his own law firm—which means that he is a "self-dealing fiduciary." Therefore, he has the burden to demonstrate the fundamental fairness of every self-dealing transaction—including the request to employ his own law firm, in general, and Koenig, his law

2

partner in particular, to represent the estate. Yet, the Application makes no mention as to whether the Trustee has contacted other law firms in order to compare the hourly rates of the attorneys at those firms with the $425.00 hourly rate of Koenig. The very failure to have such communications with other law firms leaves this Court to find that the Trustee has failed to demonstrate the fundamental fairness of retaining his own law firm to represent the estate.

This Court notes that at a hearing earlier this year in a different Chapter 7 case, with a different Chapter 7 trustee, the Court learned that an attorney with more years of experience than Koenig who has expertise involving disputes over titles to vehicles charges $175.00 per hour. The difference between $425.00 per hour and $175.00 per hour is $250.00 per hour—which is a huge savings to the estate. This Court also notes that it has approved the retention by Chapter 7 trustees of numerous attorneys whose hourly rates range from $225.00 per hour to $350.00 per hour, and these attorneys have similar experience to that of Koenig in undertaking many of the tasks that the Trustee believes need to be taken in the case at bar: namely, collecting accounts receivable which may involve litigation, investigating improper dealings of principals of the Debtor, filing applications to employ and pay auctioneers, filing motions to sell property of the estate, filing motions to compromise controversy, and prosecuting causes of action under Section 5 of title 11. Once again, the difference between the hourly rates of these attorneys and Koenig's hourly rate of $425.00 is material. Under these circumstances, in order to satisfy the high burden of proof imposed upon a self-dealing fiduciary, the Trustee must communicate with attorneys at other firms to determine if the retention of his own firm is really in the best interest of this Chapter 7 estate; and then the Trustee must discuss his investigation and conclusion in any subsequent application to employ.

An Order denying the Application without prejudice to refiling will be entered on the docket simultaneously with the entry on the docket of this Memorandum Opinion.

Signed this 6th day of September, 2013.

Jeff Bohm
Chief United States Bankruptcy Judge